RYANT v CLEVELAND TOWNSHIP

Docket No. 213711. Submitted November 10, 1999, at Grand Rapids. Decided January 14, 1999, at 9:05 A.M.

Charles J. Ryant brought an action in the Leelanau Circuit Court against Cleveland Township, alleging a violation of the Open Meetings Act, MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*, occurred in that a meeting of the Cleveland Township Board took place without the notice required by the Open Meetings Act when Walt Daniels, who was township supervisor and a member of the township board, addressed a proposed zoning amendment at a meeting of the township planning commission at which a quorum of the township board was present. The court, Thomas G. Power, J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held*:

Under the Open Meetings Act, a meeting of a public body occurs when a quorum of the public body is present and there is deliberation or rendering of a decision on a matter of public policy. In this case, the trial court erred in finding that the township supervisor's comments before the planning commission rose to the level of deliberating toward or rendering a decision on the proposed zoning amendment such that the notice requirement of the act was violated. The record does not show that any of the other members of the township board who were present exchanged views, debated the proposed zoning amendment, or engaged in any discussion regarding the statements made by the township supervisor.

Reversed and remanded for entry of summary disposition for the defendant.

STATUTES — OPEN MEETINGS ACT — MEETINGS — DELIBERATIONS.

A meeting of a public body occurs and is subject to the requirements of the Open Meetings Act when a quorum of the public body is present and there is deliberation or the rendering of a decision on a matter of public policy; deliberation entails consideration of issues and options before a decision is made, exchange of views, or discussion of opposing viewpoints (MCL 15.261 *et seq.*; MSA 4.1800[11] *et seq.*).

*Gary M. Ford*, for the plaintiff.

*Kronk, Beuerle & Bowron, PLC* (by *Michael A. Kronk*), for the defendant.

Amicus Curiae:

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *John H. Bauckham*), for Michigan Townships Association.

Before: ZAHRA, P.J., and KELLY and MCDONALD, JJ.

PER CURIAM. Defendant Cleveland Township (hereafter township board) appeals as of right from an order granting summary disposition in favor of plaintiff Charles J. Ryant based on the determination that when the township supervisor, in the presence of a quorum of the township board, addressed the township planning commission, the township board engaged in "deliberat[ion] toward or rendering a decision on a public policy," in violation of the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*[1] We reverse and remand.

Plaintiff is a member of the Cleveland Township planning commission. He alleged that during two separate planning commission meetings, Township Supervisor Walt Daniels, who is a member of the township board, addressed the planning commission regarding a zoning issue. Also present at each of these meetings were Mark Kalena (a member of the planning commission), Louise Patterson (recording secretary for the planning commission), and Bessie Mussil, all of whom were members of the township

---

[1] The trial court did not state under which subrule of MCR 2.116 it rendered its decision. However, because the trial court went beyond the pleadings in rendering its decision, we will consider the motion as granted pursuant to MCR 2.116(C)(10).

board. The township board is made up of five members and, thus, a quorum of the township board was present at each meeting.

The trial court held that because Daniels addressed the planning commission in the presence of a quorum of the township board, the board was engaged in deliberations toward rendering a decision regarding a matter of public policy without proper notice and in violation of the OMA. The court acknowledged that the board had not intentionally violated the OMA, but held that intent is not necessary. The township board contends that this reasoning was erroneous and that the notice requirements of the OMA do not apply to chance gatherings. We agree.

MCL 15.262; MSA 4.1800(12) defines certain terms with regard to application of the OMA and states, in pertinent part:

> (a) "Public body" means any state or local legislative or governing body, including a board, commission, committee, subcommittee, authority, or council, which is empowered by state constitution, statute, charter, ordinance, resolution, or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function. . . .

> (b) "Meeting" means the convening of a public body at which a quorum is present for the purpose of deliberating toward or rendering a decision on a public policy.

> \*        \*        \*

> (d) "Decision" means a determination, action, vote or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy.

MCL 15.263; MSA 4.1800(13) provides, in pertinent part:

(1) All meetings of a public body shall be open to the public and shall be held in a place available to the general public. All persons shall be permitted to attend any meeting except as otherwise provided in this act . . . . The exercise of this right shall not be dependent upon the prior approval of the public body. However, a public body may establish reasonable rules and regulations in order to minimize the possibility of disrupting the meeting.

(2) All decisions of a public body shall be made at a meeting open to the public.

(3) All deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public. . . .

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1997). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Barr v Mt Brighton Inc*, 215 Mich App 512, 516; 546 NW2d 273 (1996). The first criterion in determining intent is the specific language of the statute. *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). The fair and natural import of the terms employed, in view of the subject matter of the law, should govern. *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998). If reasonable minds can differ with respect to the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v Michigan Public School Employees' Retirement System*, 458 Mich 326, 332; 582 NW2d 767 (1998).

Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. MCL 8.3a; MSA 2.212(1); *Western*

*Michigan Univ Bd of Control v Michigan*, 455 Mich
531, 539; 565 NW2d 828 (1997). If the statute pro-
vides its own glossary, the terms must be applied as
expressly defined. *Tryc v Michigan Veterans' Facil-
ity*, 451 Mich 129, 136; 545 NW2d 642 (1996). Other-
wise, a court may consult dictionary definitions.
*Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521
NW2d 831 (1994).

There is no dispute that the township board and
the planning commission are "public bod[ies]" as
defined by the OMA, and subject to the requirements
of MCL 15.263; MSA 4.1800(13). To constitute a "meet-
ing" of a "public body," as contemplated by the OMA,
the following elements must be present: (1) a quo-
rum, (2) deliberation or rendering of a decision, (3)
on a matter of public policy. OAG, 1979-1980, No
5437, p 36 (February 2, 1979).

The Legislature failed to define the term "deliberat-
ing" in the context of the OMA. Black's Law Dictionary
(7th ed), defines this word as "the act of *carefully
considering* issues and options before making a deci-
sion or taking some action; esp., the process by
which a jury reaches a verdict; as by analyzing, *dis-
cussing*, and weighing the evidence" (emphasis
added). The word "discussion" is defined as the act of
*exchanging views* on something; a *debate*. *Id.*
(emphasis added). Although Black's Law Dictionary
does not define "debate," the *Random House Web-
ster's Unabridged Dictionary (2d ed)* (1998), defines
the word as "a discussion, as of a public question in
an assembly, involving opposing viewpoints."

The record suggests that the trial court based its
decision to grant plaintiff summary disposition on
OAG, 1989-1990, No 6636, p 253 (October 23, 1989).

The court stated: "And isn't deliberation one board member expressing a view or opinion, or providing information while others are listening? I mean, isn't that what deliberation is . . . ."

In OAG, 1989-1990, No 6636, *supra*, the Attorney General opined that, while members of the board of commissioners who were also members of the planning commission committee could discuss public issues at planning commission meetings, noncommittee-member commissioners could attend the meetings as observers. *Id.* As long as the nonmember commissioners did not engage in deliberations or render decisions at planning commission meetings, the meetings need not be posted as meetings of the board of commissioners. *Id.* The attendance of a quorum of the board of commissioners at the planning commission meeting in that situation would constitute a "chance gathering or conference not designed to avoid this act."[2] MCL 15.263(10); MSA 4.1800(13)(10). We find the same to be true here.

We conclude that the trial court erred in finding that the township supervisor's comments before the planning commission rose to the level of "deliberating toward or rendering a decision on" the proposed zoning amendment. The record does not show that any of the other township board members present exchanged any affirmative or opposing views, debated the proposed amendment, or engaged in any

---

[2] The Kansas Court of Appeals has addressed a similar situation under the Kansas Open Meetings Act, Kan Stat Ann 75-4317 *et seq.*, and has held that the provisions of the act do not extend to informal gatherings of a quorum of a public body. *Stevens v Bd of Co Comm'rs*, 10 Kan App 2d 523; 710 P2d 698 (1985). The Kansas Court looked at whether the meeting was "prearranged" or spontaneous, planned, or with the commissioners' express or implied understanding that they would be meeting.

discussion regarding the statements made by the township supervisor. Except for Kalena, who was a township board member of the planning commission and had every right to comment at the properly noticed public commission meetings, the other township board members present where there essentially as "observers." OAG, 1989-1990, No. 6636, *supra.* As long as the township board members did not engage in deliberations or render decisions, the subject meetings did not need to be noticed as meetings of the township board. *Id.* There is no evidence that the proposed zoning amendment, a matter of public policy, was discussed by the members with each other at the subject meetings. See OAG, 1979-1980, No 5437, p 36 (February 2, 1979).

Because we conclude that there was no "deliberating toward" or rendering of any decisions by the quorum of the township board present at the planning commission meetings, the notice requirements of the OMA were not violated and the trial court erred in ruling otherwise.

Reversed and remanded for entry of summary disposition in favor of defendant. We do not retain jurisdiction.