# STATE OF MICHIGAN

# COURT OF APPEALS

MARGARET MULLENDORE,

Plaintiff-Appellant,

v

CITY OF BELDING, DENNIS COOPER,
THOMAS JONES, MIKE SCHEID, RONALD
GUNDERSON and JEROME LALLO, also known
as JERRY LALLO,

Defendant-Appellees.

UNPUBLISHED
December 7, 2017

No. 335510
Ionia Circuit Court
LC No. 15-031417-CZ

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order entered on October 14, 2016 granting summary disposition in favor of defendants on plaintiff's claims regarding violations of the Open Meetings Act (OMA), MCL 15.261 *et seq*. We affirm.

## I. BACKGROUND

This case focuses on the termination of plaintiff Margaret Mullendore from her position as City Manager for the city of Belding on January 2015 and the conduct of three council members, defendants Thomas Jones, Dennis Cooper and Mike Scheid in regards to that termination. Plaintiff was initially hired on April 18, 2013 and signed a new employment contract on November 13, 2013. In October 2014, after a performance review, Council member Joe Feuerstein moved to extend plaintiff's contract for two years. Defendant Jones moved instead to table discussion regarding her contract until January 2015. One month later on Election Day November 4, 2014, the City Council voted to extend her contract for a one year period, to expire on April 8, 2016 and defendant Cooper was elected to replace Fuerstein on the Council. He began his term at the following meeting on November 18, 2014. On December 15, 2014, he sent out an email to Council member defendants Scheid and Jones and to several local citizens in which among other things he indicated his desire to terminate plaintiff as City Manager. It is uncontested that defendant Cooper planned to move for that termination at the January 20, 2015 meeting.

In the interim, plaintiff notified the City Council on January 6, 2015 that she would be off on medical leave from January 15th through January 27th and would be unable to attend the

January 20, 2015 City Council meeting. On the morning of January 20, 2015, Cooper met with defendant Jones at the Belding Parts Plus store where Jones and Scheid were employed. There is record evidence that Cooper spoke separately to each man about his intent to make a motion to terminate plaintiff's employment during the portion of the meeting reserved for council member comments.

During the evening of the January 20, 2015 council meeting, as expected plaintiff was not present. Defendant Cooper made a motion during the portion of the meeting reserved for council member comments, to terminate plaintiff's employment making a few brief comments that she had caused strife in the community. Defendants Jones, Cooper, and Scheid voted to terminate plaintiff's contract while defendants Mayor Ron Gunderson and council member Jerry Lallo voted against the termination.

Plaintiff brought a complaint in the trial court against defendants alleging violations of the Open Meetings Act. Specifically, plaintiff asserted a violation of section 3 of the Act, MCL 15.263, based on an alleged meeting between council members, Cooper, Scheid, and Jones, along with community members Dan Blunt and Craig Crebessa, at the Parts Plus store on the morning of January, 20, 2015. Additionally, she also asserted a violation of section 5 of the Act, MCL 15.265, because the Parts Plus store meeting took place without public notice.

Defendants answered, denying liability and moving for summary disposition under MCR 2.116(C)(8)[1] and (C)(10). As to MCR 2.116(C)(10), they denied violating either Sections 3 and 5 of the Open Meetings Act because the facts pled at best asserted an informal poll by one member of a public body to determine how another member may intend to vote on a specific issue which was not a violation of law. Additionally they argued plaintiff had no evidence to support her claim. The trial court granted defendants' motion for summary disposition after a hearing, concluding that "this case falls on the side of speculative conjecture rather than reasonable inference."

On appeal, plaintiff argues that the trial court erred when it granted defendants' motion for summary disposition because there was sufficient circumstantial evidence for a reasonable jury to infer that three members of the Belding City Council met together at the same time or in a sub-quorum "round the table" manner and deliberated plaintiff's termination in violation of the OMA. We disagree.

## II. STANDARD OF REVIEW

This Court reviews a trial court's order on a motion for summary disposition de novo." *Bennett v Detroit Police Chief*, 274 Mich App 307, 316; 732 NW2d 164 (2006). The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116 (C)(10). When reviewing a motion for summary disposition under MCR 2.116 (C)(10), a court must consider "the pleadings, admissions, and other evidence submitted by the parties in the light most

---

[1] Plaintiff does not challenge on appeal the trial court's grant of summary disposition in favor of Defendants on Count III of her complaint pursuant to MCR 2.116(C)(8).

favorable to the nonmoving party**."** *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Bennett*, 274 Mich App at 317.

## III. OPEN MEETINGS ACT

Plaintiff alleges that defendants violated Open Meetings Act, MCL 15.263 section 3 and MCL 15.265 section 5. The OMA's purpose is to insure an open and accountable government. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 192 Mich App 574, 580, 481 NW2d 778, 782(1992), rev'd in part on other grounds, 444 Mich 211 (1993). In general, it requires that all meetings of a "public body" at which a quorum is present to deliberate and render decisions be open to the public. MCL 15.263(1),(2). The OMA defines a "meeting" as any "convening of a public body at which a quorum is present for the purposes of deliberating toward or rendering a decision on a public policy, or any meeting of the board of a nonprofit corporation formed by a city under section 4*o* of the home rule city act." MCL 15.262(b). Thus to constitute a meeting the following elements are needed: 1) a quorum, 2) deliberation or rendering of a decision, and 3) on a matter of public policy being at issue. *Ryant v Cleveland Twp*, 239 Mich App 430, 434; 608 NW2d 101 (2000). The word "decision" is defined as "a determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy." MCL 15.262(d). The word "deliberation" is defined as "the act of carefully considering issues and options before making a decision or taking some action; esp., the process by which a jury reaches a verdict; as by analyzing, discussing, and weighing the evidence." *Ryant*, 239 Mich App at 434.

In regards to the requirement of the OMA that a "quorum be present," it is undisputed that the Belding City Council being a five member public body, would require a minimum of three members in order to constitute a quorum[2]. Plaintiff argues that there is circumstantial evidence that the three men did meet together to deliberate. In the alternative she argues that there is evidence that the three met in a sub-quorum in a manner that violated the act. She also relies on *Booth Newspapers, Inc v Wyoming City Council*, 168 Mich App 459, 472; 425 NW2d 695 (1988) to support her claim that a sub-quorum of the Belding City Council had met in at least a "round the table" fashion on the morning of January 20th to deliberate and decide the issue of her termination. In *Booth*, this Court held that meetings of a constructive quorum or sub-quorum do violate the OMA. A constructive quorum or sub-quorum meeting occurs when a public body intentionally meets in smaller groups outside of open meetings in order to set public policy. *Id*. In *Booth*, this Court affirmed a finding that OMA violations had occurred where Wyoming City Council members had sub-quorum luncheon meetings to deliberate an issue to be

---

[2] Section 2.4 of the City Charter provides that quorum consists of a majority of the number of its members, and Section 4.1 of the Charter provides that the City Council shall consist of five members. Accordingly, three council members constitute a quorum.

decided by the council and talk strategy. *Id.* Thus plaintiff argues that even if there was no quorum, which in this case would require three or more members of the City Council to be present, there was a sub-quorum present at the Parts Plus store on the morning of January 20th convened for the purposes of deliberations outside of an open meeting. We reject both arguments.

Here, there is no competent evidence that defendants Cooper, Jones, and Scheid, the three council members at issue, met together on the morning of January 20, 2015. When defendant Cooper came to the Parts Plus store that morning he only had a conversation with defendant Jones about his intent to bring a motion to terminate plaintiff at the Council meeting later that evening. Defendant Scheid, while present at the store as an employee, was not a part of this conversation. Defendant Jones confirmed that defendant Scheid did not take part in this conversation stating in his deposition that " he always made it a point that if another member of the City council came in to discuss any city business that they always left the area of the other council member so that there would only be two of them talking." Defendant Scheid also confirmed in his deposition that he did not take part in the conversation on January 20th stating that he was out on the sales floor the entire time and only exchanged pleasantries with defendant Cooper when he first entered the store. He had spoken to defendant Jones about the motion to terminate plaintiff, but that was prior to January 20, 2015. Accordingly, since only two defendants spoke to each other at a time, these conversations did not constitute a quorum, and thus, were not meetings.

In support of her motion, plaintiff submitted deposition testimony from community member Robert Brown and city employee Ernest Thomas. Mr. Brown's testimony was almost all inadmissible hearsay. He testified that he was not present at the Parts Plus store on the morning of January 20, 2015, instead he had heard a rumor that a meeting had occurred and he passed that information on to plaintiff. He also testified that he does not recall from whom he heard the rumor. Brown did not testify to the content of the conversations between the defendants nor did he offer any evidence of the three of them meeting together. Defendants submitted the depositions of Cooper, Jones, and Scheid. In those depositions the defendants admit presence at the Parts Plus store on January 20, 2015 and concede that Cooper spoke to the other two defendants about his intent to terminate plaintiff. They deny that any deliberation occurred.

Plaintiff argues the significance of Jones's conduct as evidence that a prohibited sub-quorum meeting occurred at the Parts Plus store. It was Jones who moved to table consideration of plaintiff's proposed two year contract extension to January 2015. Jones admitted that he would have voted for a one year extension at the time he made the motion to table to a time certain but that he changed his mind because "he felt that it was time because there was strife in the community." Plaintiff's argument is that the fact that Jones changed his mind within a short time period along with the very limited conversation at the meeting where the termination vote occurred created an inference that the conversations between Cooper, Jones, and Scheid were of a substantive and deliberative nature. We disagree.

First we find that there is no evidence that the three men met together as a quorum. There is no dispute that Cooper met Jones and Cooper also met with Scheid and that Cooper informed them of his intentions to move to terminate plaintiff. However, the plaintiff's proofs fail to create an inference that deliberations took place. The word "deliberating" has been defined as "the act

of carefully considering issues and options before making a decision or taking some action …..by analyzing, discussing, and weighing the evidence." *Ryant,* 239 Mich App at 434. Accordingly, to be considered deliberation under the OMA, it is required that there be "options" before the members of the public body and that a decision is reached by analyzing, discussing, and weighing the evidence." *Id.* In *Booth*, this Court held that meetings of a constructive quorum or sub-quorum do violate the OMA. A constructive quorum or sub-quorum meeting occurs when a public body intentionally meets in smaller groups outside of open meetings in order to set public policy. *Id*. In *Booth*, this Court affirmed a finding that OMA violations had occurred where Wyoming City Council members had sub-quorum luncheon meetings to deliberate an issue to be decided by the council and talk strategy. *Id.* Similarly in the *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, the Michigan Supreme Court determined that the board of regents had violated the OMA when they deliberately met as both a quorum and as a sub-quorum nominating committee to discuss and make decisions regarding candidates for President outside of the public purview. 444 Mich at 227.

Despite plaintiff's arguments to the contrary, that is not what happened in this case. The evidence established that on the morning of January 20th, defendant Cooper came to the Belding Parts Plus Store and had a conversation with defendant Jones whereby he advised him that he was going to bring a motion to terminate plaintiff at the Council meeting later that evening, a plan that was already a well-known fact. Defendant Jones then indicated to defendant Cooper that he would prefer to do one more evaluation of plaintiff before the motion to terminate was brought. Defendant Cooper stated in his deposition that he expressed his belief that he did not believe that another evaluation was necessary, however, he did not try to talk defendant Cooper into supporting his motion. Furthermore, there is evidence that defendant Scheid was not a part of this conversation between Cooper and Jones. Scheid testified that he was present in the store that morning but only exchanged pleasantries with defendant Cooper and remained on the sales floor the entire time defendant Cooper conversed with defendant Jones. Defendant Scheid did concede that he had a conversation with Jones prior to January 20th in which he too expressed his position that he would vote for a motion to terminate plaintiff. However, like defendant Cooper, he too stated in his deposition that he had just expressed how he felt to defendant Jones and did not try to sway him. Thus, there was no intentional meeting convened between defendants Cooper, Jones, and Scheid for the purpose of deliberating toward or rendering a decision on a public policy in an effort circumvent the OMA. There were merely discussions had concerning the fact that defendant Cooper was going to bring a motion to terminate plaintiff at the January 20, 2015 Council meeting and what everyone's position was going to be on that motion.

In this case we do not have the testamentary evidence and admissions found in *Booth* that the sub-quorums or quorums discussed extensively matters of public concern. In the light most favorable to plaintiff the only evidence we have about the subject matter of the sub-quorum conversations is the sworn testimony of Scheid, Jones and Cooper that Cooper reiterated his intent to move to terminate plaintiff to Scheid and Jones. They provide the only competent evidence on the subject. The witnesses deposed by plaintiff based their substantive testimony on the observations of others and their own speculation. Plaintiff declined to depose other persons whom she argues had firsthand knowledge. She has not impeached the veracity of the testimony of Jones, Scheid or Cooper by demonstrating any significant inconsistencies.

Based upon this record plaintiff does not meet her burden of going forward. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001). Accordingly, because plaintiff failed to present evidence sufficient to establish that a question of material fact existed regarding whether defendants engaged in "deliberations" or made "decisions" outside of a public meeting regarding her termination, the trial court did not err by granting summary disposition in favor of defendants under MCR 2.116(C)(10).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro