*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GRANT TONER,

       Plaintiff-Appellant,

v

ROBERT DELONG, JUDY KELLER, ROSIE
QUINN, AND KEN BROWN,

       Defendants-Appellees.

UNPUBLISHED
August 12, 2021

No. 353546
Sanilac Circuit Court
LC No. 19-038392-CZ

Before: SAWYER, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

In this action under the Open Meetings Act (OMA), MCL 15.261 *et seq*., plaintiff appeals as of right the trial court order granting summary disposition under MCR 2.116(C)(10) in favor of defendants. Plaintiff argues that the trial court erred by concluding that there were no genuine issues of material fact regarding whether defendants violated the OMA by convening in a jury room on October 7, 2020. We affirm.

## I. BACKGROUND

Defendants are elected officials who serve on the Board of Trustees for Greenleaf Township. In a separate but related prior action, *Toner v Greenleaf Twp*, Sanilac Circuit Court (Case No. 18-37926-CZ), the plaintiff, Toner, accused the defendants, Greenleaf Township and Judy Keller, of violating the OMA at a July 19, 2018 board of trustees meeting. That case was resolved by a consent judgment on July 7, 2019. They acknowledged that violations of the OMA occurred on July 19, 2018, and the court ordered that the plaintiff's counsel submit an itemized statement for professional services rendered on behalf of the plaintiff. In the event that the defendants disputed the amount of attorney fees, the judgment provided that the parties could submit the issue to the court for a decision. On September 20, 2019, the plaintiff filed a motion for contempt, arguing that the defendants' failure to pay the attorney fee bill constituted contempt with respect to the terms of the consent judgment. A hearing on the matter was held on October 7, 2019. Because plaintiff sought to hold the defendants in contempt, their presence at this hearing

-1-

was not optional. It was compelled by the nature of plaintiff's motion. The instant case relates to what occurred on October 7, 2019, the date of the contempt hearing.

In the instant case, plaintiff alleged that, on October 7, 2019, defendants met in a jury room with their attorney, Robert Seibert, and conducted "deliberations" about settlement options. Before the jury room meeting, plaintiff asserted, defendants' attorney "conveyed an offer," which was rejected by plaintiff. Thereafter, plaintiff alleged, defendants met in the jury room and deliberated about settlement options to consider making "a further settlement offer." Plaintiff argued that the jury room meeting was a "closed session" meeting in violation of the OMA.

In response, defendants filed a motion for summary disposition under MCR 2.116(C)(10). Defendant argued that there was no genuine issue of material fact that a meeting as defined by the OMA had occurred on October 7, 2019. Defendants asserted that the jury room meeting was not a "meeting" as defined by the OMA because there was no "deliberation or rendering of a decision." Defendants also asserted that Mr. Seibert did not convey a settlement offer to plaintiff's counsel. In support of their motion, each defendant and Mr. Seibert submitted an affidavit. Mr. Seibert averred that, in the jury room, he explained the court's ruling on the motion and its decision to hold an evidentiary hearing. However, Mr. Seibert asserted that he did not request or receive any settlement authority in the jury room meeting with defendants. Further, Mr. Seibert asserted that he did not make any settlement offers to plaintiff's counsel. Rather, he asked plaintiff's counsel whether there were any options to resolve the attorney-fee dispute short of conducting an evidentiary hearing and whether plaintiff would consider installment payments. Plaintiff's counsel informed Mr. Seibert that installment payments were not acceptable, then he and plaintiff's counsel returned to the courtroom and informed the court that the parties would proceed with the evidentiary hearing.

The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(10). Although the court found that there was a quorum of members present on October 7, 2019, it also found no evidence that there was a deliberation or rendering of a decision or that the board convened as a public body for the purpose of deliberating toward or rendering a decision on a public policy. The court explained:

> The defendants understood that the decision was in the hands of the Judge, and that they could not deliberate or make any decision outside of a properly convened board meeting. The Court finds that there is no evidence, even if construed in the light most favorable to the non-moving party, that the prohibited discussions occurred, based on a thorough review of the pleadings, attachments and affidavits.

The court also found that, had there been evidence that the members discussed a settlement offer, MCL 15.258(e) would apply. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo whether a trial court properly granted a motion for summary disposition." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Summary disposition under MCR 2.116(C)(10) is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of

-2-

law. MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018) (cleaned up).

> In presenting a motion for summary disposition [under MCR 2.116(C)(10)], the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross and Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (cleaned up).]

Questions of law are also reviewed de novo. *Eggleston v Bio-Med Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting summary disposition under MCR 2.116(C)(10) because there existed a genuine issue of material fact regarding whether a "meeting" as defined under the OMA occurred in the jury room on October 7, 2019. We disagree.

The OMA generally requires meetings, decisions, and deliberations of a "public body" to be open to the public. MCL 15.263(1), (2), and (3). The OMA defines the term "public body" for its purposes to include:

> any state or local legislative or governing body, including a board, commission, committee, subcommittee, authority, or council, that is empowered by state constitution, statute, charter, ordinance, resolution, or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function; a lessee of such a body performing an essential public purpose and function pursuant to the lease agreement; or the board of a nonprofit corporation formed by a city under section 4o of the home rule city act, 1909 PA 279, MCL 117.4o. [MCL 15.262(a)]

A "meeting" under the OMA is defined, in pertinent part, as "the convening of a public body at which a quorum is present for the purpose of deliberating toward or rendering a decision on a public policy . . . ." MCL 15.262(b). A "closed session" means "a meeting or part of a meeting of a public body that is closed to the public." MCL 15.262(c). "Decision" is defined as "a determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy." MCL 15.262(d).

The OMA does not, however, define the term "deliberating." *Ryant v Cleveland Twp*, 239 Mich App 430, 434; 608 NW2d 101 (2000). In *Ryant*, this Court consulted dictionary definitions and provided the following attempt to define "deliberating":

> The Legislature failed to define the term "deliberating" in the context of the OMA. Black's Law Dictionary (7th ed), defines this word as "the act of *carefully considering* issues and options before making a decision or taking some action; esp., the process by which a jury reaches a verdict; as by analyzing, discussing, and weighing the evidence[.]" The word "discussion" is defined as the act of *exchanging views* on something; a *debate*. Although Black's Law Dictionary does not define "debate," the *Random House Webster's Unabridged Dictionary (2d ed)* (1998), defines the word as "a discussion, as of a public question in an assembly, involving opposing viewpoints." [*Id*. (cleaned up; emphasis in original).]

In determining whether a deliberation or decision occurred in the context of the case, the *Ryant* Court considered whether there was an exchange of affirmative or opposing views, a debate on the presented issue, or a discussion regarding that issue. See *id*. at 435-436. Ultimately the *Ryant* Court concluded, "[a]s long as the township board members did not engage in deliberations or render decisions, the subject meetings did not need to be noticed as meetings of the township board." *Id*. at 436. Additionally, our Supreme Court has held that the following activities are "decisions" under the OMA:

> a. a determination . . . by which a public body effectuates . . . policy;
>
> b. an action . . . by which a public body effectuates . . . policy;
>
> c. a vote . . . by which a public body effectuates . . . policy;
>
> d. a disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy. [*Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 228 n 18; 507 NW2d 422 (1993) (cleaned up; alterations in original).]

In the instant case, defendants argued that their presence in court or the jury room did not constitute a meeting as defined under the OMA. Further, each defendant in their respective affidavit asserted:

> On October 7, 2019 each Defendant was present in Court because the Court was going to hear oral arguments regarding Plaintiff Toner's motion for contempt.
>
> Each Defendant was aware that for the purposes of the OMA, a "meeting" is defined as "the convening of a public body at which a quorum is present for the purpose of deliberating toward or rendering a decision on a public policy,...".
>
> At no time that day did any of the Defendant board members deliberate or render a decision on a matter of public policy.

At no time that day did any of the board members "convene" as a public body for the purpose of deliberating toward or rendering a decision on a public policy.

At no time that day did any board member discuss, make a determination on, vote, or take any action with respect to any potential settlement of the attorney fee dispute.

At no time that day did any board member consider issues and/or options in order to make a decision or take some action regarding settlement.

Each board member knew that a properly convened meeting was required in order to discuss and/or make a decision regarding settlement. In addition, each board member knew that the Judge was going to make a decision regarding whether the attorney fee claimed was reasonable.

Each board member was aware that there was nothing for them to deliberate toward or render a decision on. At the time they were present in Court, the decision regarding the attorney fee dispute was in the hands of the Judge. There were no issues to be considered or options to be discussed because the individual board members present were not going to make a decision or take any action with respect to proposed settlement.

On the other hand, plaintiff argues that defendants' responses to the interrogatories contradicted their affidavits and created a material question of fact regarding whether defendants engaged in deliberation and the rendering of a decision in the jury room on October 7, 2019. In response to plaintiff's interrogatory regarding the reason or purpose for defendants entering the jury room on October 7, 2019, defendant Brown stated, "We went into a room to talk so our attorney could explain to us where we were at with the case." Defendants Delong, Keller, and Quinn stated, "To talk." In response to plaintiff's interrogatory regarding the content of the meeting, defendants responded as follows:

A. Robert Delong: We discussed that we could not deliberate or make any decision outside of a properly convened board meeting.

B. Judy Keller: We discussed our options regarding the pending lawsuit but we knew the outcome was in the hands of the Judge because he was going to decide if the attorney fee bill of $8,000 was reasonable.

C. Rosie Quinn: We knew the Judge was going to review the attorney bill in the pending lawsuit so there was really nothing to discuss. We did not discuss or decide anything. We were waiting for someone to tell us what to do next. Eventually our attorney came back and said we could leave.

D. Ken Brown: It was our understanding that the Judge was going to make a decision regarding whether that was a reasonable fee. We left it up to our attorney to see if he could get the other attorney to agree to a lesser fee and then we would have a meeting at Township Hall to vote on that lesser fee. Basically, we told our attorney to see what he could do and we would go back to the Township Hall and

-5-

during the course of a scheduled meeting we would vote on whatever number he got from the other attorney.

"[S]ummary disposition may be proper before discovery is complete where further discovery does not stand a fair chance of uncovering factual support for the position of the party opposing the motion." *Caron v Cranbrook Ed Community*, 298 Mich App 629, 645; 828 NW2d 99 (2012). "A party opposing a motion for summary disposition because discovery is not complete must provide some independent evidence that a factual dispute exists. *Mere speculation* that additional discovery might produce evidentiary support is not sufficient." *Id*. at 645-646 (cleaned up; emphasis added). Plaintiff's complaint relied on the alleged settlement offers that Mr. Seibert proffered to plaintiff's counsel to infer that defendant held a "meeting," as defined under the OMA, in the jury room. In response to defendants' motion for summary disposition, plaintiff did not contest defendants' assertion that Mr. Seibert "merely 'suggested potential alternatives for resolution contingent upon [township] board approval.' " In their respective affidavits, defendants attested that they did not deliberate or make decisions regarding a settlement offer in the jury room meeting. Plaintiff relied on his own affidavit, asserting that defendants "invaded the jury room . . . and what I believe were deliberations and possibly made one or more decisions about settlement options . . . and to consider and then make a further settlement offer." Similar to *Ryant*, there was no evidence that defendants engaged in deliberations or rendered a decision in the jury room. Accordingly, plaintiff failed to identify any evidence, aside from his own affidavit which is based on mere speculation, that would indicate that a "meeting" took place in the jury room on October 7, 2019.

Further, based on the record, the board of trustees had already voted not to pay the requested attorney fees before the October 7, 2019 hearing and the court had already decided to hold an evidentiary hearing on the disputed attorney fees. Plaintiff's motion, which sought to hold the board in contempt for failing to pay plaintiff's counsel's attorney fees, is what necessitated the board members presence at the hearing. The fact that counsel discussed a possible resolution of the proceedings and defendants' counsel thereafter relayed the nature of the discussion to clients in the jury room does not transform the defendants' presence in the jury room into a meeting subject to OMA. It is unclear what deliberations or decisions defendants could have had that would have affected the trial court's ruling or the attorney-fee dispute. Therefore, we conclude that the trial court did not err by granting summary disposition in favor of defendants because plaintiff failed to produce sufficient evidence to create a genuine issue of material fact regarding whether the jury room meeting was a "meeting" within the meaning of the OMA.

Plaintiff also argues that the trial court erred by concluding that, even if the October 7, 2019 jury room meeting was a "closed session," any OMA violation as a result would be excused by MCL 15.268(e)[1] because defendants did not follow the appropriate procedure to enter into a

---

[1] MCL 15.268(e) provides that a public body may hold a closed session in order "[t]o consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation, but only if an open meeting would have a detrimental financial effect on the litigating or settlement position of the public body."

closed session. Because we affirm the order granting summary disposition, we need not address this issue.

Affirmed.

/s/ David H. Sawyer
/s/ Mark T. Boonstra
/s/ Michelle M. Rick